UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15cv281-FDW

| ANDRE CHRISTOPHER HEAGGINS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | ORDER |
| CARLTON JOYNER, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court upon initial review of Andre Christopher Heaggins' pro se Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. (Doc. No. 6). Also before the Court is Petitioner's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. No. 10.)

**I.    BACKGROUND**

Petitioner is a prisoner of the State of North Carolina, who, on September 11, 2014, pled guilty in Buncombe County Superior Court to multiple felonies, including attempted first-degree murder.[1] Judgment was consolidated for sentencing, and Petitioner was sentenced to 11-15 years imprisonment. (Pet. 1, Doc. No. 6.)

Petitioner did not file a direct appeal and denies that he has filed any other "petitions, applications, or motions" concerning his judgment of conviction. (Pet., supra, at 2-3.) Petitioner

---

[1] Petitioner asserts that he was sentenced on August 26, 2014. (Pet. 1, Doc. No. 6.) According to North Carolina Department of Public Safety records, however, Petitioner was convicted on September 11, 2014. See N.C. Dep't of Pub. Safety Offender Pub. Info., http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID =0922315&searchOffenderid=0922315&listurl=pagelistoffendersearchresults&listpage= 1 (last visited Jan. 5, 2015).

1

signed his original habeas Petition on September 3, 2015. (Doc. No. 1.) It was docketed in the Eastern District of North Carolina on September 10, 2015. Because Petitioner did not file his original habeas Petition on the forms proscribed for use in the Eastern District, he was required by that court to file a corrected Petition, which he did on October 22, 2015 (Doc. No. 6.) The Eastern District subsequently transferred the action to this Court on December 16, 2015.

## II.  STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs district courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id.

## III.  DISCUSSION

### A.  In Forma Pauperis Motion

Federal law requires that a petitioner seeking habeas review of his state conviction and/or sentence in federal district court pay a filing fee in the amount of $5.00 or be granted leave by the court to proceed without prepayment of fees and costs. 28 U.S.C. § 1914, § 1915(a)(1). The Court has reviewed Petitioner's affidavit of indigency, which indicates that he is not employed at the prison and that he receives about $20.00 per month in gifts of cash. (Doc. No. 10.) Petitioner states that the cash gifts pay for toiletries and food. The Court finds that Petitioner has insufficient funds with which to pay the filing fee. Therefore, his "Application to Proceed in District Court Without Prepaying Fees and Costs" shall be granted.

### B.  Habeas Petition

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C.

§ 2254. The statute requires that before seeking federal habeas corpus relief, a state prisoner first must exhaust his state court remedies. § 2254(b)(1)(A).[2] That is, he must provide the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented through a habeas petition in federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). To fairly present a claim, the prisoner must identify for the state courts "both the operative facts and the controlling legal principles" associated with the claim. Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000) (citation omitted). Furthermore, the prisoner must present the claim to all appropriate state courts, including the highest appellate court established to review such a claim. See Boerckel, 526 U.S. at 845.

Because of his guilty pleas, Petitioner may not have had a right to direct appellate review of his convictions, see N.C. Gen. Stat. §7A-27(b), but he has not sought post-conviction relief by way of a motion for appropriate relief in Buncombe County Superior Court, see N.C. Gen Stat. § 15A–1411 et seq. (Pet., supra, at 3.) Additionally, Petitioner acknowledges that he has not exhausted his state court remedies for any of the grounds raised in the instant Petition because he believes the issues raised "are best suited to be addressed/redressed by/in the United States District Courts." (Pet., supra, at 5.) Petitioner's claims, therefore, are unexhausted.

Nevertheless, 28 U.S.C. §2254(b)(2) permits a federal court, in its discretion, to deny a habeas corpus claim on the merits despite the applicant's failure to exhaust available remedies in state court. Swisher v. True, 325 F.3d 225, 232-33 (4th Cir. 2002) (affirming district court's

---

[2] 28 U.S.C. § 2254(b)(1) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." § 2254(b)(1)(A) & (B).

3

discretionary decision to elect to deny habeas corpus relief on the merits pursuant to § 2254(b)(2), although claim was "clearly unexhausted"). Because Petitioner's claims are so lacking in merit as to be frivolous, the Court will exercise its discretion under § 2254(b)(2) and dismiss the Petition, notwithstanding that the claims are unexhausted.

The claims raised in the Petition bear the hallmarks of the "sovereign citizen" movement, whose adherents, according to the FBI, purport to believe "the government is operating outside of its jurisdiction and generally do not recognize federal, state, or local laws, policies, or governmental regulations." [3] <u>Sovereign Citizens: An Introduction for Law Enforcement</u>, FBI Domestic Terrorism Operations Unit II, Nov. 2010, at 1, http://info.publicintelligence.net/fbi–introduction-to-sovereign-citizens. To the extent that Petitioner's claims can be interpreted, they challenge the jurisdiction of the North Carolina courts to prosecute and sentence him. Therefore, the Court will construe the Petition as raising federal due process claims based on North Carolina's alleged lack of jurisdiction over Petitioner. <u>See</u> <u>Estelle v. Gramble</u>, 429 U.S. 97, 106 (1976) (requiring liberal construction of pro se documents).

In North Carolina, the Superior Court has "exclusive, original jurisdiction" over all criminal offenses against the laws of North Carolina, "not assigned to the district court division," regardless of the citizenship of the defendant. N.C. Gen. Stat. § 7A-271 (West). Additionally, North Carolina trial division courts "have personal jurisdiction over those who commit crimes within the borders of the state." <u>State v. Goode</u>, 710 S.E.2d 301, 303 (N.C. Ct. App. 2011) (citing N.C. Const. art. IV, § 12(4)). That Petitioner does not recognize North Carolina's

---

[3] For example, Petitioner claims that he is a "private and sovereign living man" and "not a 'person' as defined under the . . . Uniform Commercial Code of North Carolina." (Pet. 11, Doc. No. 6.)

sovereignty within its borders, or the jurisdiction of its courts, is irrelevant to the legality of his convictions and sentence. See e.g., United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts."); United States v. White, 480 F. App'x 193, 194 (4th Cir. 2012) ("Neither the citizenship nor the heritage of a defendant constitutes a key ingredient to a . . . court's jurisdiction in criminal prosecutions[.]").  Furthermore, "[t]here is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will." Frisbie v. Collins, 342 U.S. 519, 522 (1952).

Petitioner has failed to provide any evidence that the Buncombe County Superior Court lacked subject matter and/or personal jurisdiction over him when it accepted Petitioner's guilty plea and sentenced him on September 11, 2014. Consequently, he has not demonstrated the existence of a federal due process violation and his Petition shall be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 6) is **DISMISSED as frivolous**;

2. Petitioner's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. No. 10) is **GRANTED**; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484

(2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: January 8, 2016

Frank D. Whitney
Chief United States District Judge